PER CURIAM.
On an indictment charging unlawfully selling heroin, Appellant, Sharon Curry, was convicted and sentenced to six years imprisonment in the penitentiary.
This cause was submitted to this Court on brief of Appellee, and on merits. Appellant is here, and was at all times during the proceedings in the lower court, represented by court appointed counsel.
The appellant moved to exclude the evidence at the close of the state’s case, and requested in writing the affirmative charge. This brings before us for review the sufficiency of the state’s evidence to sustain the jury verdict.
From the record before us it appears that William Harris was working with the Mobile Police Department as an undercover officer, that on February 12, 1976 he went *556 to the office of the Narcotics Division of the Police Department of Mobile where he was searched and all his personal possessions taken from him by Police Officer Sergeant Gill. Officer Gill gave Harris a $20.00 bill and a $10.00 bill. Officers Gill and Washington drove Harris to Delony Street where he got out of their car and walked about a half block to the LeGrand Motel at Davis and Lincoln Streets, in Mobile County. Harris went to room number 3, knocked, a man by the name of Winston came to the door. Harris told him he wanted to buy some stuff. Winston told Harris to go to room number 6. Harris went to room 6 and knocked on the door. A man by the name of Clarence E. Johnson came to the door and asked Harris what he wanted. Harris told him that Winston had sent Harris up to buy some stuff. Stuff is the street name for heroin. Harris entered the room. The appellant was on the bed in the room. Harris, Johnson and appellant were all the persons in the room at this time. Harris told them he wanted to buy two caps of stuff. Johnson went over to a night stand and got two aluminum foil pieces out of a plastic bag containing about 15 pieces of aluminum foil and gave them to Harris. At this time the telephone rang and the appellant answered it and said, “we’re not selling anything today,” at which time Johnson took the phone, talked a few minutes, hung the receiver up, came back across the room and took back the two packages he had given Harris. The appellant then said, “I know Bill, he’s OK, let him have the stuff.” Then Johnson handed Harris back the two packages, and Harris handed the appellant the $30.00. Then Harris left the room, went up behind the church and gave the two packages to Sergeant Gill. Harris did nothing to alter the contents of the two packages. Harris was not a police officer. He worked under the supervision of the Narcotics Department of the Mobile Police. He was paid by the Mobile Police Department $25.00 for each buy he made of heroin.
When Harris got out of the officer’s car on Delony Street, Officers Washington and Gill watched him until he entered room number 6, which was rented in the name of appellant, and saw Harris come out of the room. Harris went straight to the car and handed Officer Gill the two pieces of aluminum foil Johnson had handed him containing a powder substance. Officer Gill put it in a brown envelope, sealed and initialed it, and locked it up. Officer Gill did nothing to alter the substance in the two pieces of aluminum foil, and turned them over to Miss Pillman the next day in the same condition as he received them.
Miss Pillman, an employee of the City of Mobile Toxicology Laboratory, her qualifications being stipulated, testified that state’s exhibit 1 was delivered to her by Officer Gill on Friday, February the 13th, 1976, at 9:55 A.M. She analyzed the contents of the two pieces of aluminum foil, and found that it was heroin, totaling .3936 grams. It had been in her possession since she got it from Sergeant Gill.
Clarence Johnson, a witness for the appellant, testified that he and the appellant were in room number 6 at LeGrand Motel on February 12th, 1976, at about 6:00 P.M., that appellant was on the bed, that someone knocked on the door, he opened the door, invited the person in, sold him some heroin in two aluminum foil papers for $30.00 or $27.00, that he, Johnson, handed the stuff to the man and the man handed him the money. That the appellant had nothing at all to do with the transaction, she did not say a word to the man who bought the heroin, nor did he say anything to her, and he did not hand her the money.
Appellant testified that on February 12, 1976, at about 6:00 P.M., she was at the LeGrand Motel in room 6 with Clarence Johnson, when Mr. Harris came there, that she did not do or say anything during the time Mr. Harris was in the room, that she knew Clarence Johnson had some heroin in the room at the time, that she often goes to the motel with Johnson and she checks in the room in her name.
We hold the evidence is sufficient to sustain the jury verdict. Cooks, alias v. State, 55 Ala.App. 538, 317 So.2d 506; Henry, alias v. State, 57 Ala.App. 383, 328 So.2d 634.
*557 We have examined carefully the entire record before us and find from such examination that there are no errors in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All Judges concur.